UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE MITCHELL and DONNA SZABADOS,<br><br>           Plaintiffs,<br><br>      v.<br><br>SUN CITY LINCOLN HILLS COMMUNITY ASSOCIATION,<br><br>           Defendant. | No.  2:20-cv-0139-JAM-KJN PS<br><br><u>FINDINGS AND RECOMMENDATIONS</u><br><br>(ECF No. 43) |

Proceeding pro se, plaintiffs Joanne Mitchell and Donna Szabados move to enforce a settlement agreement negotiated before the undersigned with defendant, the Sun City Lincoln Hills Community Association. (ECF No. 43.) Defendant opposes the motion. (ECF No. 47.) The assigned district judge referred this matter to the undersigned. (ECF No. 44.) The motion was found suitable for disposition without oral argument and was taken under submission. (ECF No. 46.) As set forth below, the undersigned recommends plaintiffs' motion to enforce the settlement agreement be denied and defendant be awarded reasonable attorney fees under Paragraph 11 of the settlement agreement.

**I.      Background**

Sun City Hills is a common interest development consisting of over 11,000 members and 6,600 homes. (ECF No. 47 at 2.) In a complaint filed on January 17, 2020, plaintiffs, then

proceeding through counsel, alleged defendant had denied them full and equal access to the community by way of inadequate accommodations for plaintiffs and others with severe hearing loss. (See generally, ECF No. 1, Complaint.) Specifically, plaintiffs had requested, and been denied, an accommodation in the form of CART captioning (Communication Access Realtime Translation) for their full and equal participation in defendant's meetings. (Id.) The complaint also alleged defendant had offered events and spaces to the general public without providing necessary Assistive Listening Devices and other aids and services required by Title III of the Americans with Disabilities Act (ADA). (Id.)

The complaint alleged five causes of action as follows: Violation of the Federal Fair Housing Act [42 U.S.C. §§ 3601 et seq.]; Violation of the California Fair Employment and Housing Act [Cal. Gov't. Code §§ 12955 et seq.]; Violation of the ADA Title III [42 U.S.C. §§ 12182(a), et seq.]; Violation of the Unruh Civil Rights Act [Cal. Civil Code § 51]; Violation of Disabled Persons Act [Cal. Civil Code §§ 54 And 54.1]. (ECF No. 1 at 9-13.)

Continuing court supervised settlement conferences were held before the undersigned on March 23, 2021, May 4, 2021, June 9, 2021, June 22-23, 2021, and July 30, 2021. (ECF Nos. 16, 19, 20, 23, 24, 25.) On July 30, 2021, the parties reached a settlement agreement. (ECF No. 25.) The parties filed a stipulation of dismissal on August 30, 2021. (ECF No. 31.)

On July 14, 2022, plaintiffs, who were still represented by counsel, attempted to file a pro se motion to enforce the settlement agreement. (ECF No. 33.) After plaintiffs obtained orders relieving counsel and substituting themselves pro se, the instant motion to enforce the settlement agreement followed on September 23, 2022. (ECF No. 43.) Pursuant to the court's order (ECF No. 43), defendant responded to the motion with a written opposition.[1] (ECF No. 47.)

**II.    Legal Standards**

"[C]ourts have inherent power summarily to enforce a settlement agreement with respect to an action pending before it." Dacanay v. Mendoza, 573 F.2d 1075, 1078 (9th Cir. 1978) (citations omitted). "[A] motion to enforce the settlement agreement essentially is an action

---

[1] Plaintiffs did not file the optional reply brief.

2

specifically enforce a contract." Adams v. Johns-Manville Corp., 876 F.2d 702, 709 (9th Cir. 1989). An evidentiary hearing is appropriate where material facts concerning the existence or terms of an agreement to settle are in dispute. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987).

Settlement agreements are governed by the law of the forum state. United Commercial Ins. Serv. Inc. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir. 1992). "Under California law, the intent of the parties determines the meaning of the contract." Id. (citing Cal. Civ. Code §§ 1636, 1638). The proper inquiry is the parties' objective intent, "that is, the intent manifested in the agreement and by surrounding conduct—rather than the subjective beliefs of the parties." Id. If a party does not express their true intent as to the meaning of a material term of a settlement agreement, that claimed subjective intent is irrelevant. Id.

**III.    Discussion**

    **A.    The Motion and Opposition**

The July 30, 2021 settlement agreement contained several specific points or terms of agreement. Plaintiffs seek to enforce the terms below, but also acknowledge some of their demands are "beyond the details of the agreement[.]" (ECF No. 43 at 6.) For relief, plaintiffs request enforcement of the agreement and of defendant's Reasonable Accommodation policy, compliance with statutory law, that plaintiffs and the court participate in any further changes to the Reasonable Accommodation policy, and a list of other specified conditions not directly related to the terms of the settlement agreement currently in dispute. (See id. at 9.)

Defendant responds, generally, that plaintiff's allegations either fail to provide all applicable facts or ignore the terms of the agreement. (ECF No. 47 at 11.) Defendant argues plaintiffs improperly seek to enforce terms outside the scope of the settlement agreement. (Id.)

    **B.    Terms of the Settlement Agreement in Dispute**

In Agreement 1(a), defendant agreed to form a special Accessibility Committee. (See Settlement Agreement, ECF No. 47-6 at 6.) Plaintiffs allege that plaintiff Dr. Mitchell was not appointed to the Committee despite being qualified to serve, in alleged retaliation for bringing this suit. (ECF No. 43 at 7.)  Defendant responds that during settlement negotiations defendant expressly refused to accept an agreement that Dr. Mitchell would be appointed to the committee.

(Id. at 8.) Defendant indicates that both plaintiffs applied to participate on the Accessibility Committee and plaintiff Szabados was selected by the Board of Directors ("BOD") to serve on the Committee but resigned the position without explanation. (Id. at 6.) It is clear that the settlement agreement did not provide that Dr. Mitchell would be appointed to the committee. To any extent plaintiffs now allege they believed Dr. Mitchell would be appointed or that they would otherwise have control or influence over selection of Committee members, that subjective intent is not manifested in the agreement. The court finds nothing to enforce.

In Agreement 1(c), defendant agreed to provide a CART transcriber at one general BOD meeting each month until February 2022, and Zoom captioning for the other meetings, while the HOA tested and compared the efficacy and usefulness of separate types of transcription. (ECF No. 47-6 at 7.) Plaintiffs allege that as of July 1, 2022, the HOA began refusing to provide CART captioning for BOD meetings, and that at the time of filing the motion, only routine Zoom captions were being provided, which do not meet accuracy standards. (ECF No. 43 at 7.) In addition, plaintiffs are unaware of any tests or comparisons of alternate technology that were conducted. (Id.) Defendant responds accurately that nothing in the agreement provided for CART captioning after February 2022. (ECF No. 47 at 9.) Defendant further represents that the Association does now offer CART at BOD meetings even though the Agreement does not require it. (Id.) The court finds nothing to enforce with regards to Agreement 1(c).

In Agreement 1(d), defendant agreed to provide a CART transcriber for one live performance in the annual series of performances through February 2022. (ECF No. 47-6 at 7.) Plaintiffs seek to enforce "their rights under the law" as to further CART captioning for live performances. (ECF No. 43 at 8.) Defendant argues provision 1(d) was satisfied by providing CART at a single November 2021 live performance, which is undisputed by plaintiffs. (ECF No. 47 at 9.) The court finds nothing to enforce.

Pursuant to Agreement 1(e), a new Reasonable Accommodation Policy ("RA Policy") was attached to the settlement agreement to be proposed by the BOD for adoption by the HOA, after which it would be submitted for a 28-day member comment. (ECF No. 47-6 at 7.) Plaintiffs allege the "BOD took it upon itself to materially alter the [RA Policy]," including changing the

title, without plaintiffs' consent. (ECF No. 43 at 8.) Defendant responds that it satisfied its obligation to propose the policy attached to the settlement agreement and recommend its adoption. (ECF No. 47 at 10.) As defendant notes, the RA Policy was required to be submitted for member comment under the settlement agreement and did not require plaintiffs' consent for any resulting changes. (Id.) To any extent plaintiffs now allege they believed their knowledge or consent would be required for any changes to the proposed and recommended RA Policy, that subjective intent is not manifested in the agreement. The court finds nothing to enforce.

In Agreements 1(f)-(g), defendant agreed to provide training on hearing assistive devices and/or reasonable accommodations to various persons including activity desk employees, heads of departments, HOA Office of the Executive Director, and the BOD. (ECF No. 47-6 at 7.) Plaintiffs allege they have not been informed of or received documentation pertaining to this training. (ECF No. 43 at 8.) However, defendants represent that all training has been provided. (ECF No. 47 at 10.) Further, as defendant notes, a demand for proof of training is outside the scope of the original agreement. (Id. at 11.) The court finds nothing to enforce pertaining to Agreements 1(f)-(g).

Based on examination of the parties' positions and the terms of the settlement agreement, the court finds no breach of the settlement agreement. The court further finds no material facts are in dispute, and thus an evidentiary hearing is unwarranted. See Callie, 829 F.2d at 890.

### C. Defendant's Request for Fees and Expenses

Defendant requests, under Paragraph 11 of the settlement agreement, reasonable attorney fees in the amount of $8,100. (ECF No. 47 at 12.) Paragraph 11 of the settlement agreement provides as follows:

> In any action or proceeding between or among the Parties hereto at law or in equity or respect to, pertaining to, or arising from this Agreement ("collectively "Litigation"), the unsuccessful party to the Litigation shall pay to the prevailing party, in addition to any other relief that may be granted, all costs and expenses of the Litigation, including without limitation, the prevailing party's actual attorneys' fees and expenses.

(ECF No. 47-6 at 9.)

////

The clear and unambiguous terms of the settlement agreement provide that the prevailing party is entitled to recover reasonable attorney fees. Defendant is the prevailing party. See Cal. Civ. Proc. Code § 1032(a)(4) ("'Prevailing party' includes… a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant."). As the prevailing party, defendant is entitled to recover reasonable attorney fees incurred in defense of plaintiffs' allegations that defendant breached the settlement agreement. See Settlement Agreement ¶ 11; see also Cal. Civ. Code § 1717(a) ("[W]here the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract… shall be entitled to reasonable attorney's fees in addition to other costs.").

In making an award of attorney fees, the court begins by calculating the "lodestar." Caudle v. Bristow Optical Co., Inc., 224 F.3d 1014, 1028 (9th Cir. 2000). The lodestar is reached by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. Id. In determining the hours, the court should exclude hours that are "excessive, redundant, or otherwise unnecessary." McCown v. City of Fontana, 565 F.3d 1097, 1102 (9th Cir. 2009).

In most cases, the lodestar is presumptively a reasonable fee award. Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). Here, the undersigned does not find any circumstances that warrant adjusting the lodestar. See generally Cairns v. Franklin Mint. Co., 292 F.3d 1139, 1158 (9th Cir. 2002) (holding the court *may* adjust the presumptively reasonable lodestar based on additional factors "called into question by the case at hand and necessary to support the reasonableness of the fee award") (citations omitted) (emphasis in original).

Defendant's counsel, Heather A. Barnes, seeks an hourly rate of $500 for 12 hours. (ECF No. 47-1 at ¶¶ 5, 8.) Ms. Barnes was licensed to practice law in 2008 and is the managing shareholder for her firm in Sacramento. (Id., ¶ 5.) Ms. Barnes' practice emphasizes professional liability defense, commercial litigation and other business and director/officer litigation. (Id., ¶ 5.)

////

Ms. Barnes indicates that under the USAO Laffey Matrix,[2] her market rate for this area is no less than $700 per hour, after adjustment for the Sacramento region, although she does not seek the peak market rate. (Id., ¶ 6.)

"It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate." Roberts v. City of Honolulu, 938 F.3d 1020, 1024 (9th Cir. 2019). Although adjusted for the Sacramento region in this instance, the USAO Laffey Matrix is based on years of attorney experience in other regions, non-specific to the type of case. It does not, by itself, establish that the requested hourly rate of $500 is the prevailing market rate for this district for similar cases. See generally, e.g., Momentum Com. Funding, LLC v. Project Storm, LLC, No. 2:21-cv-0981-KJM-KJN-PS, 2022 WL 1322835, at *5 (E.D. Cal. May 3, 2022) ("Momentum I") (noting declarations are the preferred route for demonstrating how requested rates are within the ranges normally charged for similar work in Sacramento).

In the absence of evidence establishing that a higher hourly rate is the prevailing market rate for this district for similar work, the undersigned recommends the court award an hourly rate of $375. See generally, e.g., Momentum Com. Funding, LLC v. Project Storm, LLC, No. 2:21-CV-0981-KJM-KJN, 2022 WL 2817429, at *10 (E.D. Cal. July 18, 2022) ("Momentum II") (finding $395 hourly rate reasonable for attorney with more than 30 years of experience in commercial litigation), report and recommendation adopted, No. 2:21-cv-0981-KJM-KJN-PS, 2022 WL 3578571 (E.D. Cal. Aug. 19, 2022); Roth Grading, Inc. v. Martin Bros. Constr., 562 F.Supp.3d 1094, 1102 (E.D. Cal. 2022) (finding the requested hourly rate of $300 for work performed between 2017 to 2020 to be a reasonable rate for a Sacramento attorney with over 40 years in practice and a specialty in complex business litigation).

---

[2] The Laffey Matrix is a widely recognized compilation of attorney and paralegal rate data used in fee shifting cases which is regularly prepared and updated by the Civil Division of the United States Attorney's Office for the District of Columbia. It provides, among other things, prevailing hourly rates for attorneys in the Washington, D.C. and Baltimore areas categorized by the attorney's years of experience. Courts in this district generally have found the Laffey Matrix to be unhelpful because of its specific application to those markets. See, e.g., Block v. Christian, No. 1:16-cv-0650-LJO-SKO, 2017 WL 5248402, at *3 (E.D. Cal. Nov. 13, 2017), report and recommendation adopted, No. 1:16-cv-0650-LJO-SKO, 2017 WL 6350773 (E.D. Cal. Dec. 13, 2017).

Defendant's additional counsel, Collin E. Chandler, an attorney with three years of experience, seeks an hourly rate of $350 for 6 hours. (ECF No. 47-5 at ¶ 7.) In the absence of any submitted evidence to support the requested hourly rate, the undersigned recommends the court find an alternate hourly rate of $250 to be reasonable. See Freshko Produce Servs., Inc. v. ILA Prods., Inc., No. 1:19-cv-00017-DAD-BAM, 2021 WL 4033176, at *4 (E.D. Cal. Sept. 3, 2021) (finding hourly rate of $250 for attorneys with three and seven years of experience to be reasonable in the Fresno market); Johnson v. Sweet Spark, Inc., No. 2:17-cv-2474 WBS DB, 2020 WL 1324507, at *5 (E.D. Cal. Mar. 20, 2020) (finding $150 for junior attorneys and $250 for senior attorneys to be reasonable fees).

The court should deduct one hour for time anticipated to be spent by each attorney preparing for and appearing at a hearing on this matter because such a hearing did not take place. (See ECF No. 47-1 at ¶ 8 and ECF No. 47-5 at ¶ 6.) Otherwise, the undersigned finds all hours claimed are reasonable and appropriate. Therefore, the recommended lodestar for this matter is $5,375, representing 11 hours of work at $375 per hour and 5 hours of work at $250 per hour.

**IV.     Conclusion and Recommendations**

In accordance with the above, it is HEREBY RECOMMENDED that:

1. Plaintiffs' motion to enforce the settlement agreement (ECF No. 43) be denied; and

2. Defendant's request for reasonable fees incurred in responding to the motion (ECF No. 47) be granted in the amount of $5,375.00.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may

////

////

waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  November 7, 2022

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Mitchell.20cv139.mot.enf.set

9